Jesse Valdez
ATTORNEY AT LAW
600 108th Ave NE, Ste 347
Bellevue, WA 98004
Email: jesse@valdezlehman.com

Hon. Timothy W. Dore
Chapter 11
**Hearing Date: September 11, 2015**
**Hearing Time: 9:30 a.m.**
**Response Date: September 4, 2015**
**Courtroom: 8106**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re:<br><br>FESTIVAL TRANSACTION SERVICES INC., a Washington limited liability company,<br><br>Debtor. | Bankruptcy No. 14-19196-TWD<br><br>**FTS SECURED FUNDING 2014, LLC'S MOTION FOR RELIEF FROM STAY OR ALTERNATIVELY FOR ADEQUATE PROTECTION** |

## I. INTRODUCTION AND & RELIEF REQUESTED

FTS Secured Funding 2014, LLC, by and through its attorney Jesse Valdez and Valdez Lehman, PLLC hereby moves this Court for an order terminating the automatic stay of 11 U.S.C. § 362(d) of Festival Transaction Services, Inc., ("Debtor") or in the alternatively for it request adequate protection per 11 U.S.C. §§ 361, 363. There is no equity in the assets and the assets are not necessary for reorganization, thus warranting relief from stay. This Motion is supported by the Declaration of W. James Tozer filed concurrently herewith, and by the records and files in this bankruptcy case.

Motion for Relief From Stay or
Alternatively for Adequate Protection
1

**VALDEZ LEHMAN, PLLC**
600 108th Ave NE Ste 347
Bellevue, WA 98004
P: 425.458.4415
F: 425.732.0130

Case 15-14473-TWD    Doc 25    Filed 08/14/15    Ent. 08/14/15 16:41:00    Pg. 1 of 7

## II. BACKGROUND FACTS

### A. Loan History and Description of Indebtedness

On or about July 3, 2014, Debtor through Chief Executive Officer, Chris Haigh, executed and delivered a Promissory Note to FTS Secured Lending 2014, LLC., ("Creditor") in the original amount of **$150,000.00**. On or about July 16, 2014, the Promissory Note was renewed via a new Promissory Note executed by Debtor, by and through its CEO, with the principal amount now increased to $1,400,000.00. On or about February 27, 2015, the Promissory Note was renewed via a new Promissory Note executed by Debtor, by and through its CEO, with the principal amount now increased to $2,000,000.00.

A true and correct copy of the Promissory Note, is attached to the Tozer Decl. as Exhibit 1, and is incorporated herein by reference.

To secure the Promissory Note, the Debtor granted Creditor a security interest in all of Debtors assets, including but not limited to, proceeds and products, equipment fixtures, inventory, accounts, general intangibles, patents, documents, deposit accounts, accounts receivables, furniture and machinery. *See Exhibit Tozer Decl. Exhibit 1*. Creditor's security interest was perfected by the filing of a UCC-1 financing statement with the Delaware Department of State on July 2, 2014, under file number 2014-2627578. *See Tozer Decl. Exhibit 2*.

Creditor holds a first lien interest on all of Debtor's personal property/assets ("Property"). All of Debtor's funds existing on the petition date and currently available, and all of the income and proceeds derived from the collection of Creditor's security interest including Debtor's inventory, and accounts receivables are Creditor's collateral, as defined in Section 363 of the Bankruptcy Code (hereinafter referred collectively as "Collateral"), which secures the obligations owed to Creditor.

Motion for Relief From Stay or
Alternatively for Adequate Protection
2

**VALDEZ LEHMAN, PLLC**
600 108th Ave NE Ste 347
Bellevue, WA 98004
P: 425.458.4415
F: 425.732.0130

Case 15-14473-TWD    Doc 25    Filed 08/14/15    Ent. 08/14/15 16:41:00    Pg. 2 of 7

### B. Loan Default.

The Debtor is currently in default on its Promissory Note to Creditor by failing to abide by the terms of the Promissory Note. As of July 23, 2015, the sum of $2,000,000.00 is due and payable. Interest continues to accrue on the Promissory Note at the default rate of 12.00 per annum. *See Tozer Decl.*

### C. The Debtor's Bankruptcy Filing.

The Debtor filed its Chapter 11 bankruptcy case on July 23, 2014. [Dkt. #1] It is clear from a review of the Debtor's petition and schedule of assets and liabilities that there is no equity in the Property.

### D. The Current Value of the Property and Equity Shortfall.

In its Schedule B, the Debtor asserts that the value of the approximately $1,581,146.38. [See Dkt. #20, Schedule B, Balance of Schedules] Debtor has given a value to its Property through an unsupported assertion. Creditor has not had the opportunity to conduct its own valuation of its collateral.

As of July 23, 2015, the current outstanding balance owed on the Promissory Note totaled **$2,000,000.00**. This excludes other attorney's fees, which pursuant to the Promissory Note, Creditor is entitled to recover. *See Tozer Decl.* Debtor's own Schedule D lists Creditor as being unsecured in the amount of **$418,853.62.** [See Dkt. #20, Schedule D, Balance of Schedules]

### E. Lack of Adequate Protection

The total encumbrances, including the lien against the Debtor's Property, equals **$2,000,000.00,** resulting in an equity shortfall of approximately **$418,853.27**. The Debtor has been operating a loss for the past six months, per the Debtor's own Profit and Loss statement. [See Dkt. #20, P & L, Balance of Schedules].

Motion for Relief From Stay or
Alternatively for Adequate Protection
3

VALDEZ LEHMAN, PLLC
600 108th Ave NE Ste 347
Bellevue, WA 98004
P: 425.458.4415
F: 425.732.0130

Case 15-14473-TWD    Doc 25    Filed 08/14/15    Ent. 08/14/15 16:41:00    Pg. 3 of 7

Debtor's Property and proceeds of its business operations are Creditor's Collateral under 11 U.S.C. § 363(a).

Upon information and belief, Debtor is using the Creditor's Collateral to generate income for its benefit and to the detriment of Creditor. Debtor has not provided or offered to provide Creditor with adequate protection for its Collateral. *See Exhibit Tozer Decl.* Moreover, Debtor has not requested permission from the Court to use Creditor's Collateral nor has it obtained consent from Creditor to use its Collateral.

As set forth below, Debtor fails to meet its burden as to adequate protection, and the Court, accordingly, should grant relief from stay as Creditor is not adequately protected. Additionally, the Debtor has no income, and there is no available equity in the Debtor's Property.

Creditor further requests a waiver of the fourteen (14) day stay provided for by Federal Rule of Bankruptcy Procedure 4001(a)(3).

### III. LEGAL AUTHORITY AND ANALYSIS

11 U.S.C. § 362(d) provides in pertinent part as follows:

On request of a party in interest and after notice and hearing, the court shall grant relief from the stay provided in subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

   (1) **for cause**, including **the lack of adequate protection** of an interest in property of such party in interest;

   (2) with respect to a stay of an act against property under subsection(a) of this section, if—
   (A) the debtor **does not have equity** in such property; and
   (B) such property is **not necessary to an effective reorganization**[.]

See 11 U.S.C. § 362(d) (West 2014 ed.) (emphasis added).

Motion for Relief From Stay or
Alternatively for Adequate Protection
4

**VALDEZ LEHMAN, PLLC**
600 108th Ave NE Ste 347
Bellevue, WA 98004
P: 425.458.4415
F: 425.732.0130

Case 15-14473-TWD    Doc 25    Filed 08/14/15    Ent. 08/14/15 16:41:00    Pg. 4 of 7

### A. Cause Under 11 U.S.C. § 362(d)(1) Exists to Grant Relief From Stay

Creditor respectfully requests that the Court terminate the stay for cause, including lack of adequate protection pursuant to 11 U.S.C. § 362(d)(1). Adequate protection is lacking where there is an insufficient equity cushion to protect the secured creditor's interest in its collateral. *See, In re Mellor,* 734 F.2d 1396, 1401 (9th Cir. 1984). An equity cushion is the amount of value in property which secures a creditor's claim, above the amount of the indebtedness owed, that will shield the creditor's interest from loss due to any decrease in property value during the time the automatic stay remains in effect. *Id.* at 1400. In determining the amount of the value in property, the likely costs of sale or liquidation must be considered. *In re Faires,* 34 Bankr. 549, 550 (Bankr. W.D. Wash. 1983).

A court determines whether "cause" exists to lift an automatic stay on a case by case basis. *In re Castlerock Properties*, 781 F.2d 159, 163 (9th Cir. 1986); *In re Tucson Estates, Inc.,* 912 F.2d 1162, 1166 (9th Cir. 1990); *In re National Environmental Waste Corp.,* 129 F.3d 1052, 1055 (9th Cir. 1997). Where cause exists, a bankruptcy court must lift the stay. 11 U.S.C. § 362(d).

Here, "cause," as referred to in 11 U.S.C. § 362(d)(1), exists to mandate relief from stay to Creditor. Debtor is in default of the Promissory Note, and Debtor has not made any income for the past six months, and costs and fees continue to accrue as a result of Debtor's default. The debtor has the burden of proof on the issue of adequate protection. 11 U.S.C. § 363(p)(1).

Further, given the value of Creditor's lien, and the likely costs associated with liquidation, there is no equity cushion whatsoever. Thus, Creditor lacks any adequate protection. The Court is therefore respectfully requested to lift the automatic stay.

### B. Creditor Is Entitled to Relief from Stay Per 11 U.S.C. § 362 (d)(2).

Additionally, Creditor requests that the Court terminate the stay as Debtor has no equity in the Property and the Property is not necessary for effective reorganization pursuant to 11 U.S.C. §

Motion for Relief From Stay or
Alternatively for Adequate Protection
5

**VALDEZ LEHMAN, PLLC**
600 108th Ave NE Ste 347
Bellevue, WA 98004
P: 425.458.4415
F: 425.732.0130

Case 15-14473-TWD    Doc 25    Filed 08/14/15    Ent. 08/14/15 16:41:00    Pg. 5 of 7

362(d)(2). There is neither a reorganization proposed here, nor is one likely. Debtor does not have any disposable income or equity in its Property.

Having no equity to protect, reorganization is simply not feasible. "Equity" as determined by the Ninth Circuit, "refers to the difference between the value of the property and all encumbrances upon it." *See Stewart v. Gurley,* 745 F.2d 1194, 1195-96 (9th Cir. 1984).

Here, the encumbrances, including all liens and costs of liquidation, exceed the value of the Debtor's Property such that there is no equity available for the estate. Creditor is thus entitled to relief from stay under 11 U.S.C. § 362(d)(2). Should the Court not grant Creditor's request for relief from automatic stay, the Court should direct Debtor to pay adequate protection.

**C. Request for Adequate Protection**

11 U.S.C. § 363(e) provides that any time, on the request of a party that has an interest in property used, sold, or leased, or proposed to used, sold, or leased by the trustee, the court, with or without hearing, shall prohibit or condition the use of the cash collateral **"as is necessary to provide adequate protection of such interest."** Creditor requests that the Court prohibit or condition the use of Creditor's cash collateral.

Under Section 362(c)(2) of the Bankruptcy Code, a debtor may not use cash collateral of a secured party **unless the debtor obtains consent** from the creditor **or obtain authorization from the court**. Section 363 provides that, on request of a party claiming interest in property to be used by the debtor, the court shall "**prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest**." The debtor has the burden of proof on the issue of adequate protection.

The use by Debtor of Creditor's Collateral mandates adequate protection. "[T]he requirement of adequate protection in Section 363(e) is mandatory. If adequate protection cannot be offered, such use, sale or lease of the collateral must be prohibited." Lawrence P. King, *Collier on Bankruptcy §*

Motion for Relief From Stay or
Alternatively for Adequate Protection
6

**VALDEZ LEHMAN, PLLC**
600 108th Ave NE Ste 347
Bellevue, WA 98004
P: 425.458.4415
F: 425.732.0130

Case 15-14473-TWD    Doc 25    Filed 08/14/15    Ent. 08/14/15 16:41:00    Pg. 6 of 7

*363.05.* Debtor is required to make cash payments or grant additional or replacement liens to Creditor per Section 361 of the Bankruptcy Code.

The Western District of Washington has established that a debtor must discharge its burden under Section 363(p)(1) by a preponderance of evidence. *See In re Ernst Home Center, Inc.,* 209 B.R. 955, 965 (Bankr. W.D. Wash. 1997).

Here, the debtor has failed to meet its burden. In this case Debtor has not requested permission from the Court to use Creditor's Collateral. Moreover, Debtor has not obtained consent from Creditor to use its Collateral.

Thus, Creditor requests that the Court to prohibit or condition the use of Creditor's Collateral provided Debtor fails to provide adequate protection.

**D. The 14-Day Stay Provision of F.R.B.P. 4001 (a)(3) Should Not be Waived.**

Creditor also requests a waiver of the 14-day stay provided for under Federal R. Bankr. P. 4001(a)(3). Cause exists to waive thee 14-day stay due to extreme lack of equity in the Property while fees and costs continue to accrue. Any additional delay to Creditor ability to realize on its Collateral will be detrimental to Creditor's interest.

**IV. CONCLUSION**

Creditor respectfully requests that the Court grant relief from the automatic stay, and allow a waiver of the 14-day stay provided for by Fed. R. Bankr. P. 4001(a)(3), thereby allowing Creditor to pursue its state law remedies under its Promissory Note or Alternatively for Adequate Protection. A proposed Order is attached hereto as Exhibit A.

Dated this 14th day of August, 2015.

        VALDEZ LEHMAN, PLLC
        By: /s/ Jesse Valdez
        Jesse Valdez, WSBA #35378
        Attorney for Creditor

Motion for Relief From Stay or
Alternatively for Adequate Protection
7

**VALDEZ LEHMAN, PLLC**
600 108th Ave NE Ste 347
Bellevue, WA 98004
P: 425.458.4415
F: 425.732.0130

Case 15-14473-TWD    Doc 25    Filed 08/14/15    Ent. 08/14/15 16:41:00    Pg. 7 of 7